**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVITH HOY,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI,<br><br>Respondent. | Civil Action No. 26-1762 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon the *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Davith Hoy, a federal prisoner confined at FCI Fort Dix, challenging the determination of the Bureau of Prisons ("BOP") that he is ineligible to apply earned time credits under the First Step Act ("FSA"). (ECF No. 1.) Respondent answered the Petition and submitted a declaration and supporting exhibits. (ECF Nos. 7, 7-1–7-4.) For the reasons set forth below, the Petition is **DENIED**.

The FSA permits eligible prisoners to earn time credits for successfully participating in evidence-based recidivism reduction programs and other productive activities. 18 U.S.C. § 3632(d)(4)(A). Those credits may be applied toward prerelease custody or early transfer to supervised release, subject to the statutory requirements. 18 U.S.C. § 3632(d)(4)(C). Congress, however, expressly excluded certain prisoners from applying those credits. As relevant here, "[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

Here, the record establishes that an Immigration Judge ordered Petitioner removed from the United States on September 17, 2009. (Gallagher Decl. ¶ 3, Ex. 1, ECF No. 7-1.) Petitioner

waived his right to appeal that order. (*Id.*; *see also* ECF No. 1 at 10.) An immigration judge's order of removal becomes final upon waiver of appeal. 8 C.F.R. § 1241.1(b). The order therefore became administratively final on September 17, 2009. Respondent further represents that the order remains current and that Immigration and Customs Enforcement intends to take custody of Petitioner upon his release from BOP custody to effectuate his removal. (Gallagher Decl. ¶ 5, ECF No. 7-1.)

Petitioner's principal contention—that an immigration detainer does not constitute a reinstated final order of removal—is not persuasive. Respondent does not rely on the detainer as the source of Petitioner's ineligibility. Rather, BOP determined that Petitioner is ineligible to apply FSA time credits because he remains subject to the final order of removal entered in 2009. (Gallagher Decl. ¶ 6, ECF No. 7-1.) The distinction is dispositive. Section 1231(a)(5) of the Immigration and Nationality Act addresses reinstatement of a prior order of removal following a noncitizen's illegal reentry after removal. But Respondent represents, and Petitioner does not dispute, that Petitioner has not previously been removed pursuant to the 2009 order. There is accordingly no need for reinstatement: the original order remains operative. *See, e.g.*, *Romero v. Sec'y, U.S. Dep't of Homeland Sec.*, 20 F.4th 1374, 1384-85 (11th Cir. 2021) (concluding that an unexecuted order of removal remained operative decades after its entry).

Because Petitioner remains subject to a final order of removal, § 3632(d)(4)(E)(i) renders him ineligible to apply earned FSA time credits toward prerelease custody or early transfer to supervised release. Courts in this District have applied the statutory exclusion in materially similar circumstances. *See, e.g.*, *Pineda v. Cruz*, No. 23-4939, 2024 WL 1526120, at *3 (D.N.J. Apr. 9, 2024); *Hurtado v. Warden, FCI Fort Dix*, No. 23-2259, 2023 WL 6785079, at *1 (D.N.J. Oct. 13, 2023); *Garcia v. Knight*, No. 23-2789, 2023 WL 4045087, at 2 (D.N.J. June 16, 2023).

Nor does Petitioner's assertion of a constitutional liberty interest in earned FSA credits alter the result. The FSA distinguishes between earning credits and applying them. The statutory exclusion does not permit a prisoner subject to a final order of removal to apply earned credits toward early release. As the court explained in *Pineda*, the FSA does not create a substantive due process right to early release for prisoners subject to final orders of removal. 2024 WL 1526120, at *3. Petitioner therefore has not established a constitutional entitlement to the relief he seeks.

Accordingly, the Petition for a Writ of Habeas Corpus is **DENIED**. The Clerk of Court shall enter judgment and **CLOSE** this matter. The Clerk of Court shall mail a copy of this Memorandum Order to the Petitioner by regular U.S. mail.

[signature]
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 11/24/26